IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRANCES A. BROTHERTON                                                                PLAINTIFF

v.                                           CIVIL NO. 20-cv-3010

ANDREW SAUL, Commissioner                                                            DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Frances A. Brotherton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff protectively filed her application for DIB on March 31, 2017. (Tr. 30). In her application, Plaintiff alleged disability beginning on October 24, 2016, due to: anxiety, severe depression, agoraphobia with panic attacks, bipolar type II, and insomnia. (Tr. 30, 284). An administrative hearing was held on August 21, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 30, 66-127). Plaintiff's husband, Timothy Brotherton, also testified. Id. At the hearing, Plaintiff amended her alleged onset date to January 15, 2017. (Tr. 30, 89).

On June 26, 2019, the ALJ issued an unfavorable decision. (Tr. 43). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: osteoarthritis and degenerative disc disease of the lumbar spine,

1

fibromyalgia, migraines, chronic pain syndrome, insomnia, obesity, hypertension, a history of bilateral carpal tunnel surgery, a history of vertigo, bipolar disorder, panic disorder with agoraphobia, post-traumatic stress disorder and borderline personality traits. (Tr. 33). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 33-35). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [Pe]rform light work as defined in 20 CFR 404.1567(b), except she can occasionally climb ramps and stairs, she can never climb ladders, ropes and scaffolds, she can occasionally balance, stoop, kneel, crouch and crawl, she can frequently, but not constantly, handle and finger bilaterally, and she must avoid concentrated exposure to temperature extremes, humidity, noise, (i.e. no jobs with a noise rating higher than 3 per the Dictionary of Occupational Titles (DOT)), vibration, fumes, odors, dust, gases/poor ventilation and hazards, including driving as part of work. The claimant can further perform work where interpersonal contact with co-workers and supervisors is routine but superficial and there is no contact with the public, where tasks are no more complex than those learned by experience with several variables and use of judgment within limits, and where the supervision required is little for routine tasks and detailed for non-routine tasks.
> (Tr. 35-41).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform her past relevant work as a quality control technician, and would also be able to perform the representative occupations of: content inspector, gasket checker, merchandise marker, blending tank tender helper, fruit distribution conveyer operator, laminating machine off bearer, compact assembler, fishing reel assembler, nut sorter, or surveillance system monitor.. (Tr. 41-43). The ALJ found Plaintiff was not disabled from January 15, 2017, through the date of his decision.  (43).

2

Subsequently, Plaintiff filed this action. (Doc. 2).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. Ponder v. Colvin, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents her from engaging in substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520. While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain on the claimant. Stormo v. Barnhart, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

**III.     Discussion**

Plaintiff brings the following points on appeal: 1) Whether the ALJ erred in assessing Plaintiff's subjective complaints of pain; 2) Whether the ALJ erred in his RFC assessment by failing to consider likely absences from work given the treatment record, specifically due to the frequent and intractable nature of Plaintiff's migraines; and 3) Whether the ALJ erred in failing to find Plaintiff's migraine headaches met or equaled listing 11.02. (Doc. 13).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records,

4

observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barhart, 393 F. 3d 798, 801 (8th Cir. 2005). Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff experienced a worsening of migraine symptoms beginning in August of 2018. (Tr. 1001, 1005, 1009-11, 1048, 1050-51, 1054-57, 1064-66). From November 12 through January 31, Plaintiff was taking Aimovig as prescribed, but was still experiencing severe migraines. (Tr. 1001, 1064). The ALJ did not discuss this part of Plaintiff's treatment history in detail, but found Plaintiff's pain appeared to be controlled with prescription medication. (Tr. 40). Plaintiff had 4 doctor's visits and 3 ER visits over a period of 9 months and was still experiencing migraine headaches at a frequency of twice a week by July of 2019. (Tr. 14, 1001, 1005, 1009-11, 1048, 1050-51, 1054-57, 1064-66).

The opinions of the state agency consultants were all rendered before 2018, when Plaintiff's migraines became more frequent and severe, and were made without the benefit of the majority of medical records related to Plaintiff's migraine. (Tr. 130-39, 146-54). The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC.

5

On remand, the ALJ is directed to address interrogatories to a neurologist requesting that said physician review all of Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. This opinion should specifically address Plaintiff's migraines, including the impact of her migraines on job performance and attendance. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### IV. Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 18th day of December 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

6